**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN CARL DIGGS,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-616-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

John Carl Diggs (the "Claimant"), who is proceeding *pro se*, appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for supplemental security income ("SSI"). Doc. No. 6.[1] On July 23, 2012, Claimant filed an application for SSI, alleging an onset of disability date of January 14, 2005. R. 421-27.[2] In his memorandum on appeal, Claimant argues that he is entitled to disability benefits due to his various impairments and resulting limitations. Doc. No. 45 at 1-3. Notably, other than generally arguing that his application for benefits should have been approved by the Commissioner, Claimant does not raise any particular allegations of error by the Administrative Law Judge (the "ALJ") or the Appeals Council. Doc. No. 45 at 1-3. Thus, Claimant essentially requests that the

---

[1] This case has a related case administrative history. On February 24, 2010, Claimant filed a prior application for SSI, alleging an onset date of January 14, 2005. R. 16, 264. On August 30, 2010, the claim was denied initially and, on October 22, 2010, the claim was denied again upon reconsideration. R. 264. On April 23, 2012, ALJ Lorenzo Level issued a decision finding Claimant not disabled from February 24, 2010 through the date of the ALJ's decision. R. 264-76. On July 11, 2012, the Appeals Council denied Claimant's request for review. R. 282-84. However, Claimant did not appeal the Commissioner's final decision to the District Court.

[2] SSI is not payable prior to the month following the month in which the application for benefits is filed. *See* 20 C.F.R. § 416.355.

Court review the factual record *de novo* and render its own decision as to Claimant's alleged disability. *Id*. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. STANDARD OF REVIEW.

*Pro se* litigants are subject to the same substantive law and rules of court as litigants, who are represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Pursuant to 42 U.S.C. § 405(g), an aggrieved claimant, who receives a final decision from the Commissioner, may appeal that decision to the district court. On appeal, under § 405(g), the

Court reviews *de novo* the legal principles employed by the ALJ in the decision, but the ALJ's factual findings are reviewed only to determine whether they are supported by substantial evidence. *See Chapman v. Comm'r of Soc. Sec.*, 498 F. App'x 952, 953 (11th Cir. Nov. 26, 2012) (unpublished).[3] The Court does not have the authority to "reweigh the evidence, decide facts anew, make credibility determinations, or substitute [its] judgment for the ALJ's." *Frame v. Comm'r of Soc. Sec.*, 596 F App'x 908, 909 (11th Cir. Jan. 2015) (unpublished) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211, 1213 (11th Cir. 2005)).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). In other words, even if Court would have found the claimant disabled based upon the same record, if the ALJ's decision is supported by substantial evidence, then the Court will affirm the decision. *Id*. The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied).

**III. <u>ANALYSIS</u>.**

In his memorandum, Claimant requests that the Court review the record and award Claimant SSI benefits. Doc. No. 45 at 1-3. Claimant raises no legal issue with the ALJ's decision nor does Claimant allege that any specific factual determination by ALJ is not supported by substantial evidence. *Id*. Claimant simply asks that the Court render a new decision awarding him benefits. Doc. No. 45 at 1-3. As set forth above, the Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Thus, Claimant is not entitled to the relief he requests. Doc. No. 45 at 1-3.

The Court has carefully reviewed the entire record in this case. R. 1-614. On March 13, 2014, the ALJ issued a decision, after a hearing was held, finding Claimant not disabled from July 23, 2012, the date the SSI application was filed, through the date of the decision. R. 16-24. In the decision, the ALJ notes that Claimant filed a prior application for SSI, which alleges the same onset of disability date, that was denied on April 23, 2012. R. 16. *See also supra* n.1. Based on that prior final decision, the ALJ finds that *res judicata* applies to the period up to April 23, 2012, the date of the prior final decision, and the ALJ refused to re-open the Claimant's prior application. R. 16. Absent a colorable constitutional claim, the Court lacks subject matter jurisdiction to review the ALJ's decision not to reopen a prior administrative decision. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). In this case, although Claimant did implicitly

request that that the ALJ reopen his prior application and award him benefits, the ALJ refused to reopen the prior application. R. 16. Claimant has raised no constitutional challenge to the ALJ's refusal to reopen the prior application and, therefore, the Court is without subject matter jurisdiction to review that particular ruling. *Sanders*, 430 U.S. at 107-09.

At step-two of the sequential evaluation process, the ALJ determined that Claimant has the following severe impairments: degenerative disc disease of the lumbar spine; status post lumbar compression fracture; status post two strokes; depression; panic disorder; personality disorder; and alcohol abuse/dependence. R. 18-19. At step-three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 19. In making that finding, the ALJ expressly considered whether Claimant meets the requirements of Listings 1.04 and 11.04. R. 19. The ALJ also found that Claimant has mild restrictions in the activities of daily living, moderate difficulties in concentration, persistence or pace, and moderate difficulties in social functioning. R. 19. The ALJ based these findings on the Claimant's testimony, answers in his disability forms, third-party function reports and statements Claimant made to a psychological examiner. R. 19 (citing R. 456-63, 498-505, 564-66).

After reviewing the record, the ALJ made the following residual functional capacity assessment ("RFC"):

> [T]he [ALJ] finds that the claimant has the RFC to perform a range of light work . . . as follows lift and carry 20 pounds occasionally and ten pounds frequently; stand and walk six hours of an eight hour day; sit six hours of an eight hour day; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, or crawl; and frequently finger and handle with the right upper extremity. He can understand, remember, and carry out simple work instructions, perform simple work tasks, and occasionally interact with co-workers, supervisors, and the general public, but should not be subject to production rate and pace criteria.

R. 20. Thus, the ALJ finds that Claimant retains the RFC to perform a reduced range of light work. R. 20. Thereafter, the ALJ reviews the medical evidence, opinion evidence, and Claimant's testimony, which supports the ALJ's RFC. R. 20-23. Ultimately, the ALJ finds that Claimant's subjective statements regarding the limiting effects of his impairments are not credible because: (1) the consultative examining physician noted that Claimant was exaggerating his symptoms (R. 22, 560-61); (2) Claimant's activities of daily living are inconsistent with limitations alleged; (3) Claimant's psychological impairments and treatments have been largely tied to alcohol abuse; (4) there are inconsistencies between Claimant's allegations of social limitations and his testimony; and (5) no treating physician has opined that Claimant is disabled. R. 22. At step-four, the ALJ finds that Claimant is unable to return to his past-relevant work. R. 23. At step-five, based upon a hypothetical question to a vocational expert, which matches the ALJ's RFC (R. 20, 65-66), the ALJ determined that other substantial work exists that Claimant can perform: including a laborer; janitor; machine tender. R. 23-24, 66.[4]

Throughout the decision the ALJ cites to evidence in the record supporting the ALJ's factual findings. R. 16-24. Having carefully reviewed the ALJ's decision, and the entire record, the Court finds that the Commissioner's final decision is supported by substantial evidence.

## IV. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

[4] At step-five in the decision, the ALJ describes the Claimant's RFC as "medium" level work, which is not accurate. R. 23. However, the Court finds that the ALJ's error is a simply typographical error. *See Landry v. Comm'r of Soc. Sec.*, No. 8:13-cv-2132-T-DAB, 2014 WL 3908200, at *5 (M.D. Fla. Aug. 11, 2014) (ALJ's reference to RFC as "light", where it was in fact "sedentary," not a harmful error). The vocational expert testified that a laborer, janitor, and machine tender are all light work jobs. R. 66. Thus, the ALJ's typographical error in the decision does not prejudice Claimant.

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
**Plaintiff at last known address on record**